# IN THE SUPREME COURT OF THE STATE OF NEVADA

PARADISE HARBOR PLACE TRUST,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 76378

**FILED**

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that respondent's predecessor tendered $1,080 to Nevada Association Services (NAS), which undisputedly represented 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-38107

Appellant contends that NAS had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the HOA's lien. But NAS's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law.[2] *Id.* at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("A foreclosure sale on a mortgage or lien after valid tender satisfies that lien is void, as the lien is no longer in default." (citing 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law §7.21 (6th ed. 2014))).

Appellant also contends that (1) the tender was ineffective because it imposed conditions, (2) respondent's predecessor needed to record evidence of the tender, (3) respondent's predecessor needed to keep the tender good, and (4) appellant is protected as a bona fide purchaser, but we recently rejected similar arguments.[3] *Id.* at 118-21. Accordingly, the

---

[2]In this respect, we clarify that the district court did not grant equitable relief. Rather, it correctly determined that appellant took title to the property subject to the first deed of trust because the superpriority tender cured the default as to that portion of the HOA's lien by operation of law. *Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 120.

[3]To the extent that *Bank of America* did not expressly reject appellant's arguments, we are not persuaded that any of those arguments warrant revisiting *Bank of America*.

district court correctly determined that appellant took title to the property subject to the first deed of trust.[4] We therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____ C.J.
Gibbons

_____, J.        _____, Sr. J.
Stiglich                                    Douglas

cc:    Hon. Stefany Miley, District Judge
       Law Offices of Michael F. Bohn, Ltd.
       Akerman LLP/Las Vegas
       Fennemore Craig P.C./Reno
       Arnold & Porter Kaye Scholer LLP/Washington DC
       Eighth District Court Clerk

---

[4]In light of this disposition, we need not decide whether respondent would have likewise been entitled to summary judgment based on 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar).

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.